**EHRET MAGNESIA MFG. CO. v. LEDERER, Internal Revenue Collector.**

(District Court, E. D. Pennsylvania. May 23, 1921.)

No. 7044.

**Internal revenue ☞7—Excess profits tax statute construed.**

    Act Oct. 3, 1917, § 201 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅘b), providing for a graduated excess profits tax equal to "twenty per centum of the amount of the net income in excess of the deduction (determined as hereinafter provided) and not in excess of fifteen per centum of the invested capital for the taxable year; twenty-five per centum of the amount of the net income in excess of fifteen per centum and not in excess of twenty per centum of such capital," etc., construed, and *held* to require the deduction to be taken, not from the entire net income, before the percentages are computed, but wholly from the first graduated percentage, taxable at 20 per cent.

At Law. Action by the Ehret Magnesia Manufacturing Company against Ephraim Lederer, Collector of Internal Revenue. Trial by the court. Judgment for defendant.

M. Hampton Todd, of Philadelphia, Pa., for plaintiff.

T. Henry Walnut, Sp. Asst. U. S. Atty., and Chas. D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff brought suit to recover the sum of $23,889.84, the amount of taxes alleged to have been unlawfully assessed and collected by the defendant. The taxes were paid under protest, and petition for a refund was rejected by the Commissioner of Internal Revenue. The facts are not in dispute. The tax was assessed upon excess profits under the provisions of section 201 of title 2 of the Act of October 3, 1917 (40 Stat. 303 [Comp. St. 1918,

· Comp. St. Ann. Supp. 1919, § 6336⅜b]). The applicable provisions of the act are as follows:

"Title II. War Excess Profits Tax."

"*Definitions.* The term 'taxable year' means the twelve months ending December thirty-first."

"The term 'pre-war period' means the calendar years nineteen hundred and eleven, nineteen hundred and twelve, and nineteen hundred and thirteen." Section 200 (section 6336⅜a).

"Sec. 201. That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every corporation, partnership, or individual, a tax (hereinafter in this title referred to as the tax) equal to the following percentages of the net income:

"Twenty per centum of the amount of the net income in excess of the deduction (determined as hereinafter provided) and not in excess of fifteen per centum of the invested capital for the taxable year;

"Twenty-five per centum of the amount of the net income in excess of fifteen per centum and not in excess of twenty per centum of such capital;

"Thirty-five per centum of the amount of the net income in excess of twenty per centum and not in excess of twenty-five per centum of such capital;

"Forty-five per centum of the amount of the net income in excess of twenty-five per centum and not in excess of thirty-three per centum of such capital; and

"Sixty per centum of the amount of the net income in excess of thirty-three per centum of such capital." Section 6336⅜b.

"Sec. 203: That for the purposes of this title the deduction shall be as follows, except as otherwise in this title provided—

"(a) In the case of a domestic corporation, the sum of (1) an amount equal to the same percentage of the invested capital for the taxable year which the average amount of the annual net income of the trade or business during the prewar period was of the invested capital for the prewar period (but not less than seven or more than nine per centum of the invested capital for the taxable year), and (2) $3,000." Section 6336⅜d.

There is no dispute that the net income of the plaintiff for the year ending December 31, 1917, was $422,445.58. The invested capital for the taxable year was $672,631.28. The deduction to which the plaintiff was entitled under section 201 was, as ascertained by section 203 (a), 9 per centum of the invested capital representing the highest average profit during the pre-war period allowed by the act, and amounted to $60,536.82, and with the specific deduction of $3,000 to $63,536.82.

A statement showing the items upon which the tax is to be computed is therefore as follows:

| | | |
|---|---:|---:|
| Invested capital for the year | | $672,631.28 |
| Net income for taxable year | | 422,445.58 |
| Average profit pre-war period 9 per cent | $60.536.82 | |
| Specific exemption | 3,000.00 | 63,536.82 |
| | | |
| Net income for taxable year as above | | $422,445.58 |
| Deduct total exemption as above | | 63,536.82 |
| | | |
| Taxable net income | | $358,908.76 |

The construction placed by the Commissioner of Internal Revenue upon the language of section 201 is that "the amount of the net income in excess of the deduction" means that the first of the graduated percentages of invested capital, namely, 15 per cent., is first to be ascer-

tained, and the deduction is to be made from the amount thereof, and, if the deduction is not in excess of 15 per cent. of the invested capital, the difference between the amount of the deduction and the 15 per cent. of invested capital is to be taxed at 20 per cent.

The construction the plaintiff contends should be put upon the language is that the deduction is to be made from the whole of the net income, and out of the balance of net income remaining an amount, not in excess of 15 per cent. of the invested capital, is to be taxed at 20 per cent.

As the defendant computes the tax, the figures and result are as follows:

| Not Over | | | | Taxed Income. | Exemption Deducted. | Balance. | Rate. | Tax. |
|---|---|---|---|---|---|---|---|---|
| 15% | of | invested | capital | $100,894.69 | $63,536.82 | $37,357.87 | 20% | 7,471.57 |
| 20% | ” | ” | ” | 33,631.56 | 0.00 | 33,631.56 | 25% | 8,407.89 |
| 25% | ” | ” | ” | 33,631.56 | 0.00 | 33,631.56 | 35% | 11,771.04 |
| 33% | ” | ” | ” | 53,810.50 | 0.00 | 53,810.50 | 45% | 24,214.73 |
| | Balance | | | 200,477.27 | 0.00 | 200,477.27 | 60% | 120,286.36 |
| | | | | $122,445.58 | $63,536.82 | $358,908.76 | | 172,151.59 |

As the plaintiff computes it, the figures and result are as follows:

| Not Over | | | | Taxed Income. | Rate. | Tax. |
|---|---|---|---|---|---|---|
| 15% | of | invest. | cap. | $100,894.69 | 20% | $20,178.94 |
| 20% | ” | ” | ” | 33,631.56 | 25% | 8,407.89 |
| 25% | ” | ” | ” | 33,631.56 | 35% | 11,771.04 |
| 33% | ” | ” | ” | 53,810.50 | 45% | 24,214.73 |
| | Balance | | | 136,940.45 | 60% | 82,164.27 |
| | | | | $358,908.76 | | $146,736.87 |

A comparison of the two methods shows that, by making the deduction from the first item of 15 per cent. of invested capital, the amount taxed at the 20 per cent. rate is diminished by the amount of the deduction, and the amount taxed at the 60 per cent. rate is increased by the amount of the deduction, with the result that the plaintiff has been required to pay the difference between 60 per cent. and 20 per cent., or 40 per cent., tax upon $63,536.82, the amount of the deduction, or $25,414.72, less the normal tax of 2 per cent. and 4 per cent., amounting to $1,534.88, leaving $23,889.84, and that amount the plaintiff claims was unlawfully included in the assessment and unlawfully collected.

The language of section 201 is at first glance somewhat confusing. Plausible arguments have been presented by able counsel on both sides, setting forth their opposing contentions as to the meaning of the section. Does its language mean that the first of the graduated percentages of tax is to be 20 per cent. upon an amount, not in excess of 15 per cent. of the invested capital, out of what remains of the net income after making the deduction? Or does it mean it is to be 20 per cent. of the difference between the deduction and 15 per cent. of the invested capital?

It will be noted that, while the paragraph providing for the 20 per cent. tax places it upon the amount of the net income in excess of the

deduction, and not in excess of 15 per cent. of the invested capital, the remaining clauses contain no provision for the deduction. The Revenue Office supplies that omission by providing in its regulations that, if the 15 per cent. of the invested capital is exceeded by the deduction, the excess of deduction is applied to the next paragraph, and so on through the succeeding provisions for graduated tax. So that, in an illustration set out in the regulations, no tax is charged at all under any of the percentages, except the highest and final rate of 60 per cent. of the net income in excess of 33 per cent. of the capital. That method is attacked by the plaintiff upon the ground that such construction prevents uniformity and equality in the application of the tax, and is therefore in violation of the principles of law governing taxation.

It is asserted that the language in controversy is ambiguous. It is not ambiguous in the sense that it cannot be determined from its language that a tax is to be laid upon incomes in excess of normal prewar profits, and that it is to be based upon certain graduated percentages set out in the act. If it is ambiguous, its ambiguity consists in the fact that it does not make it clear by what method the deduction is to be allowed, whether the amount of the exemption is to be taken first from the total net income, or only from that part of it which does not exceed 15 per cent. of the invested capital.

A large part of the difficulty in construing the 20 per cent. paragraph arises from the fact that the amounts involved are expressed in descriptive terms and not in figures. If the act taxed the amount of the net income in excess of $50,000, and not in excess of $100,000, we would have no difficulty in understanding that the amount to be taxed was the difference between $100,000 and $50,000. We have, however, undisputed in the case, the amount of the net income, the amount of the deduction, and, having the invested capital for the year, we have 15 per cent. of that.

Stating the paragraph with the figures representing the deduction, and those representing 15 per cent. of the invested capital, instead of their equivalent terms, we have 20 per centum of the amount of the net income in excess of $63,536.82, and not in excess of $100,894.69. If the paragraph is so stated, it plainly means that the amount to be taxed at 20 per cent. is the difference between $100,894.69 and $63,536.82. In the next paragraph, substituting in the same manner, we have 25 per centum of the amount of the net income in excess of $100,894.69, and not in excess of $134,526.26.

As the 20 per cent. paragraph is the only one in which the deduction is stated, and in the succeeding paragraph the tax is clearly placed upon the differences in the percentages of invested capital, it is apparent that it was the intention of Congress, by the repeated use of the words "in excess of" and "not in excess of," to have the same meaning apply to those words where used in the first paragraph as where used in the subsequent paragraphs. thus imposing no tax upon the net income up to the amount of the deduction, but imposing the lowest rate of tax upon the difference between the deduction and 15 per cent. of the invested capital, imposing the next tax upon the difference between 15 and 20 per cent. of the invested capital, and so on,

until in the last percentage paragraph the highest rate of 60 per cent. applies to all net income in excess of 33 per cent. of invested capital. If there is any ambiguity in the act, it may affect cases where the deduction exceeds 15 per cent. of the invested capital. In this case that situation is not present. So that the method adopted by the Commissioner of Internal Revenue in such case, in allowing the residue of the deduction not absorbed under the 20 per cent. rate against the next graduated rate, and so on until the entire deduction is absorbed, is not before the court, unless the plaintiff is obliged to pay taxes through lack of equality and uniformity of application of the law which other taxpayers escape.

If the question were presented, it would be open to the contention that, inasmuch as the deduction is only provided for in the clause concerning the 20 per cent. rate, the method adopted by the Revenue Office is a liberal construction in favor of the taxpayer who under a strict construction in favor of the government might be held entitled only to a deduction which did not exceed 15 per centum of invested capital. The tax is imposed, however, not upon stated amounts of income, but by graduated percentage rates upon graduated percentages of income. The tax is laid upon the income in excess of what Congress considered represented a reasonable, normal profit made during the pre-war period, and between minimum and maximum percentages is applied to the invested capital during the taxable year. Under the designated percentages, uniform rules apply to all corporations alike in similar circumstances upon their net income, if in excess of the deduction, whether the invested capital be great or small, and whether the profits be great or small.

In allowing the deduction, Congress has the power to apply it so it will reduce the tax at any of the graduated rates. By reducing the amount of tax to be paid at the lower rates, it increases the amount to be paid at the higher rates, so that the higher rates apply more heavily in proportion to the percentage of profits in excess of the pre-war basis; and that is what Congress evidently intended. I fail to see that in making this distinction Congress has transcended its powers, or that the tax lacks in equality and uniformity among those on whom the percentage taxes, based on percentages of income, and percentages of invested capital, are imposed. Nor am I convinced that the plaintiff suffers under any inequality of burden through having its tax computed under the same rules which apply to all other corporations in the same circumstances.

Judgment may be entered for the defendant, with costs.